**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4954**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRE ALLEN BAXTER, a/k/a Me Dot, a/k/a Meet Dot,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:16-cr-00243-TLW-7)

Submitted: May 29, 2020                    Decided: August 24, 2020

Before WILKINSON, KEENAN, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant. Robert Frank Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetre Allen Baxter pled guilty, without a written plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2018). After extensive consideration of several issues that were resolved in Baxter's favor, the district court established an advisory Sentencing Guidelines range of 70 to 87 months and sentenced Baxter to 80 months' imprisonment. Baxter's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no non-frivolous grounds for appeal but questioning whether Baxter's within-Guidelines sentence is reasonable. Although notified of his right to file a pro se supplemental brief, Baxter has not done so. The Government has declined to file a response brief. We affirm.

We review all federal "sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, . . . or failing to adequately explain the chosen sentence[.]" *Id.* at 51; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If there is no significant procedural error, we then assess the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

2

Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Guidelines range, gave the parties the opportunity to argue for an appropriate sentence, and sufficiently explained the chosen sentence. Thus, we discern no procedural sentencing error in this case. We further conclude that Baxter has failed to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence and, thus, hold that the selected sentence is substantively reasonable. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Baxter, in writing, of the right to petition the Supreme Court of the United States for further review. If Baxter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baxter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*